# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRY L. FOSTER,
    Appellant,

  v.

SMITHSONIAN INSTITUTION,
    Agency.

DOCKET NUMBER
DC-0752-14-1079-I-1

DATE: February 19, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Raymond Scoggins, Washington, D.C., for the appellant.

Amy Koontz and Dania Palosky, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant filed an appeal on September 15, 2014, challenging the agency's decision to remove him from the position of Building Services Worker effective July 29, 2014. Initial Appeal File (IAF), Tab 1. The agency responded with a motion to dismiss the appeal as untimely filed. IAF, Tab 3. Because it appeared that the appeal was untimely filed, the administrative judge issued a show cause order to the appellant instructing him to file evidence and/or argument showing that his appeal was timely filed or that good cause exists for the filing delay. IAF, Tab 5. The appellant did not respond. Accordingly, the administrative judge dismissed the appeal as untimely filed. IAF, Tab 6. The appellant then filed a petition for review of the initial decision. *See* Petition for Review (PFR) File, Tab 1.

¶3    The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The regulations further provide that, if a party does not submit an appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown. *Cranston v. U.S. Postal Service*,

106 M.S.P.R. 290, ¶ 8 (2007); 5 C.F.R. § 1201.22(c). To establish good cause for an untimely appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4       Here, the record reflects that on July 28, 2014, an agency decision letter was hand-delivered to the appellant removing him from his position for misconduct, effective July 29, 2014. IAF, Tab 1, Tab 4 at 9-12. The decision letter specifically advised the appellant that his appeal had to be filed within 30 calendar days of the effective date of the action. IAF, Tab 4 at 10-11. The decision letter further advised the appellant that an appeal "can be filed by mail, by facsimile, or by personal delivery during normal business hours to the Merit Systems Protection Board, Washington Regional Office, 1901 S. Bell Street, Suite 950, Alexandria, Virginia 22202." *Id*. at 11. Thus, the agency's decision letter properly informed the appellant of his right to appeal to the Board, and it specified the correct address as well as the fact that any appeal with the Board had to be filed "within thirty (30) calendar days from the receipt of this letter," or by August 28, 2014. *Id*. The Board's general rule is that the appellant's failure to follow explicit filing instructions does not constitute good cause for any ensuing delay. *Karker v. Office of Personnel Management*, 80 M.S.P.R. 235, 238 (1998); *Sanford v. Department of Defe*nse, 61 M.S.P.R. 207, 209 (1994).

¶5      The appellant's appeal form, which was signed by both the appellant and his representative, as well as the appellant's separately typed narrative of his appeal, are dated September 15, 2014, 22 days after the deadline for filing his Board appeal had expired. IAF, Tab 1.

¶6      On review, the appellant appears to assert that he timely mailed his appeal to the prior address of the Board's Washington Regional Office, but that his appeal was returned to him because the Postal Service's forwarding service had expired. PFR File, Tab 1. However, rather than submitting the actual envelope or a photocopy of the envelope to support his claim that he had timely filed his appeal but to the wrong address, the appellant submitted a photocopy of a label showing the Washington Regional Office's old address and a separate photocopy of a label dated August 12, 2014, showing that the forwarding time for mailing to the Washington Regional Office had expired. Yet, there is no evidence that these labels were on the same envelope or on an envelope from the appellant to the Washington Regional Office, and standing alone, neither of these labels shows that the appellant timely mailed his appeal to the wrong address. *See id*.

¶7      Also, even if the August 12, 2014 post office date stamp on the forwarding label was from the appellant's envelope, as he alleges, he has made no showing as to when he actually received the returned envelope from the Postal Service and why he could not have refiled the appeal prior to the August 28, 2014 filing deadline. In addition, the appellant has failed to provide any credible, unrebutted evidence in the form of an affidavit or sworn statement that his appeal was actually placed in the Postal Service mail stream before the filing deadline. *See Raphel v. Department of the Army*, 50 M.S.P.R. 614, 618 (1991) (a party may establish that his pleading was timely filed by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that, despite the postmark date, the pleading was actually placed in the Postal Service mail stream before the filing deadline). Thus, the appellant's submissions on review do not specifically

address the timeliness issue, and therefore, they provide no basis for waiving the filing deadline. *Id*.

¶8 The appellant also seems to imply that he did not receive the administrative judge's show cause order due to a typographical error in the address on the certificate of service. PFR File, Tab 1. Admittedly, the show cause order and the agency's motion to dismiss as untimely filed both reflect that the number of the appellant's home address was incorrectly listed as 503 instead of 5003. IAF, Tabs 4-5. Nevertheless, the appellant has made no direct claim that he did not receive the documents. PFR File, Tab 1. Nor has he asserted that his representative did not receive either the agency's motion to dismiss or the administrative judge's show cause order, and the certificate of service for both documents included the correct address for the appellant's representative. IAF, Tabs 4-5. The Board has long held that the appellant is responsible for the errors of his chosen representative in failing to timely file an appeal. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶9 After considering the appellant's timeliness arguments on review, along with his submissions below, we find that he has shown no circumstances beyond his control that prevented him from complying with the time limit or that unavoidable casualty or misfortune prevented him from complying with the filing time limit. Accordingly, the appellant has failed to establish good cause for the untimely filing of his appeal and the administrative judge correctly dismissed the appeal as untimely filed.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.